### AFFIDAVIT OF JOSEPH IANNACCONE IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Joseph Iannaccone, a Special Agent with Homeland Security Investigations, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2009 and am currently assigned to the office of the Special Agent in Charge, Boston, MA. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work related to these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing criminal laws, including 18 U.S.C. § 2252A, and I am authorized by law to request a search warrant.

2. This Affidavit is submitted in support of a criminal complaint charging Joseph Corbett, yob 1968, of Danvers, Massachusetts, with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my person observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint

and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

### STATEMENT OF PROBABLE CAUSE

4. On June 14, 2019, at approximately 6:10 a.m., HSI agents, with the assistance of state and local law enforcement, executed federal search warrants (19-mj-7169, 7170, 7171-JCB) at the residence of JOSEPH CORBETT ("CORBETT") located in Danvers, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of the applications for those search warrants is attached hereto as Exhibit A.

5. CORBETT was present in the home. Also present were his wife and two children, ages eight and ten.

6. CORBETT was advised of and executed a written waiver of his rights pursuant to *Miranda*, and agreed to speak with agents on scene. The interview was recorded; unless otherwise indicated, all statements set forth below are summary in nature.

7. During the interview, CORBETT told agents that he used Kik and admitted that he used it to receive child pornography and pass child pornography on to other users. CORBETT also admitted that he had been part of Kik groups focused on child pornography, including "Young Bitches" and "Young Trading."

8. When asked to give examples of child pornography that he had shared, CORBETT said that he recalled images showing girls 12 years of age engaged in oral sex and intercourse with adult males and women. He also recalled receiving a video of a baby being sodomized.

9. In the course of the execution of the warrant, agents located and seized an iPhone 6 model A1549, located on CORBETT's person. CORBETT identified the phone as belonging to him and provided the numerical passcode.

10. Agents conducted an on-scene forensic preview of the iPhone and determined that the Kik Messenger application was located on the phone. CORBETT admitted that he accessed Kik Messenger from that phone and he also admitted to using the Kik account user name and associated email address identified in the search warrant attached hereto as Exhibit A. CORBETT further stated that he had been kicked out of Kik before. The on-scene forensic preview showed that the Kik application on CORBETT's iPhone had been utilized over the past week and that the user name currently installed was different than the one previously used.

11. Agents identified conversations between CORBETT and other Kik users that included messages with attached images and videos.

12. One example of an image identified by agents, distributed by CORBETT on June 5, 2019, is described as follows:

    a. The still photograph depicts a young female child who appears to be approximately six to eight years old. Part of her face is visible and she has her mouth around an adult penis.[1]

13. Another image, located on CORBETT's iPhone within a conversation from June 6, 2019, is described as follows:

---

[1] This image is available for the Court's review.

    a. The still photograph, extracted from a video, depicts a young female child who appears to be approximately four to six years old. She is holding an adult penis in her right hand with her face immediately in front of the penis.[2]

14. The phone, along with other seized devices, was transported to the HSI forensic lab for more thorough forensic analysis.

## CONCLUSION

15. Based on all of the foregoing information, I submit that there is probable cause to believe that:

    a. on or about June 5, 2019, CORBETT knowingly distributed, and attempted to distribute, any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

---

[2] This image is available for the Court's review.

b. on or about June 14, 2019, CORBETT knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury.

Joseph Iannaccone
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this 14th day of June, 2019.

HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

I have reviewed images described in paragraphs 12 and 13 above and I find probable cause to believe that the images depict minors engaging in sexually explicit conduct. The Affiant shall preserve the images provided to the Court, and the video from which the images were captured, for the duration of the pendency of this matter, including any relevant appeal process.

HONORABLE JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE